JIRONG SHENG, Petitioner,

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 06–73069.

United States Court of Appeals, Ninth Circuit.

Submitted July 14, 2009.*

Filed July 24, 2009.

Kathleen S. Koh, Law Offices of Kathleen S. Koh, Alhambra, CA, for Petitioner.

CAC–District, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Richard M. Evans, Esq., Paul Fiorino, Esq., U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, THOMAS, and WARDLAW, Circuit Judges.

MEMORANDUM **

Jirong Sheng, a native and citizen of China, petitions for review of the Board of Immigration Appeals' order affirming an

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

immigration judge's decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, *Don v. Gonzales,* 476 F.3d 738, 741 (9th Cir.2007), we deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on a material omission from her asylum declaration that the Chinese government had accused her of having allegiance to Falun Gong. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1254 (9th Cir.2003). Substantial evidence also supports the agency's adverse credibility determination based on an inconsistency between Sheng's testimony and her asylum declaration regarding whether the police used force to disperse a protest that Sheng attended. *See Chebchoub v. INS,* 257 F.3d 1038, 1043 (9th Cir.2001).

In the absence of credible testimony, Sheng failed to establish she is eligible for asylum or withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

Because Sheng's CAT claim is based on the testimony the agency found not credible, and she points to no other evidence to show it is more likely than not she would be tortured if she returned to China, her CAT claim fails. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.